# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MOHAMMAD MAHMOODI MOTLAGH,

      Petitioner,

      v.

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of
Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office
Director for Detention and Removal,
U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department
of Homeland Security*,

      Respondents.

Case No. 2:26-cv-00687 KWR-JFR[1]
Case No. 2:26-cv-00740 KG-SCY

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 10) in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.) and his Petition (Doc. 1) in *Motlagh v. Lyons,* 2:26-cv-740 KG/SCY (D.N.M.). Petitioner is a noncitizen in ICE detention. He was detained shortly after unlawfully crossing the border. Petitioner appears to assert that he should be released as his detention under 8 U.S.C. § 1225(b) is prolonged. As explained below, Petitioner's habeas petition is not well-taken and is therefore **DENIED**.

---

[1] The Court consolidated *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.) with *Motlagh v. Lyons,* 2:26-cv-740 KG/SCY (D.N.M.).

Petitioner is a citizen of Iran.  Doc. 7-1 at 1.[2] On January 24, 2025 a Border Patrol agent encountered and apprehended him near the San Ysidro, California port of entry. Doc. 7-1 at 2. He has remained in detention since then. He allegedly admitted to illegally crossing the border without being inspected by an immigration officer at a designated port of entry.  Doc. 7-1 at 3. Respondents identified him as a potential national security interest.  *Id.*  He was treated as an arriving alien and processed for expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Doc. 7-1 at 1.

It is undisputed that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which mandates detention and does not afford a bond hearing, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018).

Here, Petitioner is detained under § 1225(b). Petitioner was detained while he arrived at the border. Respondents processed Petitioner as an arriving alien under § 1225(b)(1), and he has been detained since he was apprehended at the border. Thus, it is clear that Petitioner is mandatorily detained under § 1225(b) pending the outcome of his removal proceedings.

Petitioner asserts three claims.  First, he asserts that his detention violates 8 U.S.C. § 1231(a)(6), as he has spent more than six months in detention. Doc. 10 at 7. Second, he asserts that

---

[2] The Court generally cites to the docket numbers in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.), unless otherwise indicated.

his rights were violated under *Zadvydas*.  Doc. 10 at 7-8.  Third, he asserts that his procedural due process rights were violated as he has spent more than a year in custody without the opportunity to seek release at a bond hearing. The Court rejects each of these claims.

*First*, Petitioner asserts that his detention violates § 1231(a)(6), as he has been detained for more than six months.  Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i). Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.* Here, § 1231 does not apply here.  Although a removal order was entered, it appears that Petitioner appealed that removal order.  *See* Doc. 7-5 at 2. Therefore, Petitioner's removal order is not final, and he remains detained under § 1225(b).

*Second*, Petitioner asserts that his detention violates *Zadvydas*.  *Zadvydas* concerned the detention of an individual who received a final order of removal and was detained under § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It concerned the unique situation where a final order of removal is entered, but it is not reasonably forseeable that the noncitizen will be removed from the country, leading to indefinite detention.  *Id.* at 690, 701. However, the *Jennings* Court concluded that *Zadvydas* did not apply to detention under § 1225(b). *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain

point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). *Zadvydas* does not apply here, as Petitioner is detained under § 1225(b) pending a decision on his appeal of the removal order. In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for prolonged detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. Here, Petitioner has been detained for approximately one year, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Respondents issued a removal order and Petitioner appealed that removal order. Petitioner has not argued or presented evidence that his appeal of his removal order will not be adjudicated or processed. Therefore, Petitioner's *Zadvydas* claim fails.

*Finally,* Petitioner asserts that his procedural due process rights were violated because he has not received a bond hearing despite his prolonged detention. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving

that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States'" under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also required to make arguments and present evidence, and the Court need not do so on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").[3]Here, Petitioner did not carry his burden to cite to authority in support of his position. The Court will not address complex issues of constitutional law without briefing, especially given that it is unclear whether he is entitled to relief.

---

[3] These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

*Alternatively,* assuming the Court is required to address this inadequately briefed constitutional issue, it is not obvious that the length of his detention violates due process such that a bond hearing is warranted. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). A noncitizen who is considered to have not entered the country is only entitled to "the procedure authorized by Congress." *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)). However, once a noncitizen "enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

Because Petitioner is deemed to not have effected an entry into the country, his due process rights are limited to those set forth by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Generally, "an alien who is detained shortly after unlawful entry cannot be said to have effected an entry. Like an alien detained after arriving at a port of entry, an alien like respondent is on the threshold." *Id.* (internal citations and quotation marks omitted). A noncitizen in Petitioner's "position has only those rights regarding admission that Congress has provided by statute." *Id.*; *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Ordinarily, then, '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.' ") (quoting in part *United States ex rel. Knauff v. Shaughnessy,* 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950)). Here, Petitioner was caught at the border and deemed not to have effected an entry into the country.  Therefore, his due process rights are

limited to those provided by Congress. *Thuraissigiam,* 591 U.S. at 140. Here, § 1225(b) mandates his detention pending a decision on his removal.

Based in part on these above cases, some district courts in this circuit have held there is no due process violation for prolonged detention where the noncitizen is held under § 1225(b). *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (concluding petitioner, detained under 8 U.S.C. § 1225(b)(2)(A), "has no statutory right to release or a bond hearing" and thus "has no due-process right to the relief requested."); *Richards v. Choate,* No. 1:25-CV-03134-DDD-STV, 2025 WL 4474703, at *4 (D. Colo. Dec. 5, 2025).

To be sure, some courts have held that noncitizens detained under § 1226(a) are entitled to a bond hearing after their detention becomes prolonged. The First and Second Circuits have held that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third, Fourth, and Ninth Circuits have found that § 1226(a) does not entitle a detainee to a new bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Miranda v. Garland*, 34 F.4th 338, 366 (4th Cir. 2022); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). But here, Petitioner is detained under § 1225(b), not § 1226. Therefore, the Court need not decide which line of cases to follow.

Therefore, as explained above, Petitioner has not demonstrated a procedural due process violation, or that the length of his detention under § 1225(b) requires the Court to order a bond hearing.

Finally, Petitioner raises various challenges to his removal order. The Court lacks jurisdiction or authority to review a removal order, and Petitioner has not otherwise demonstrated or argued a due process violation in his removal proceedings.

In sum, Petitioner's claims related to the length of his detention under § 1225(b) are not well taken.

**IT IS THEREFORE ORDERED** that Petitioner's Amended Petition (Doc. 10) in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.) and his Petition (Doc. 1) in *Motlagh v. Lyons,* 2:26-cv-740 KG/SCY (D.N.M.) are hereby **DENIED.**

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (Doc. 7) in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.)  is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis (Doc. 9) in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.)  is **GRANTED**.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Expedited Disposition of Petition for Writ of Habeas Corpus (Doc. 11) in *Motlagh v. Lyons,* 2:26-cv-687 KWR/JFR (D.N.M.)  is **DENIED**.

_____/S/_____

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE
